IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAINEY ADAMS,<br>TDCJ-CID NO. 1545301,<br><br>        Petitioner,<br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>        Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-13-0473 |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Michael Rainey Adams (TDCJ-CID No. 1545301) is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division pursuant to a state court judgment. Adams has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court conviction that was final two years and six months ago and that was not challenged in a state post-conviction proceeding until less than eight months ago. For reasons explained more fully below, it appears that the petition is subject to dismissal because it is untimely. Accordingly, Adams is **ORDERED** to show cause within **thirty days** why this case should not be dismissed.

### I. Procedural History

Adams is serving an eleven-year sentence pursuant to a 2008 conviction for aggravated sexual assault of a child. He states

that the Court of Appeals for the First District of Texas affirmed his conviction on December 10, 2009, and that the Texas Court of Criminal Appeals refused his petition for discretionary review on May 19, 2010 (Docket Entry No. 1 at 3). No Petition for a Writ of Certiorari was filed. Id. Adams states that he filed a state application for a writ of habeas corpus, pursuant to Article 11.07 of the Texas Code of Criminal Procedure, on July 17, 2012, and that the Court of Criminal Appeals denied his application on September 5, 2012. Id. at 4.

This court verified that the Court of Appeals for the First District of Texas affirmed Adams' criminal judgment and sentence and that the petition for discretionary review was refused on May 19, 2010. Adams v. State, 01-08-00911-CR, 2009 WL 4724673 (Tex. App. -- Hous. [1st Dist.], pet. ref'd). The court also verified that the Court of Criminal Appeals denied the state habeas application on September 5, 2012. Ex parte Adams, No. 78,015-01. In addition, the court examined the Fort Bend County District Clerk's records and determined that the state habeas application was actually filed there on December 9, 2011. See Fort Bend County Website, http://www.fortbendtx.gov. Despite the additional seven months added to the pendency of the state habeas application, it was filed more than a year after the conviction became final, and the pending federal action was not filed until five months after the state habeas application was dismissed.

While there may be some question as to whether Adams' petition may be dismissed for lack of merit, it is evident that his claim is time-barred because he is challenging a state court conviction that became final in 2010 and that was not challenged in a state post-conviction proceeding until late 2011. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). See Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998), citing Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997). Representation by counsel does not absolve a petitioner of his responsibility to monitor his appeal and post-conviction proceedings, and his dilatoriness in pursuing his remedies does not warrant equitable tolling. Manning v. Epps, 688 F.3d 177, 185 (5th Cir. 2012), Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

Although the statute of limitations is an affirmative defense, district courts may raise the defense sua sponte and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir. 1999), quoting Rule 4 of the Rules Governing Cases Filed Under 28 U.S.C. § 2254. A district

court may dismiss a petition as untimely on its own initiative where it gives the petitioner fair notice and an opportunity to respond. See Day v. McDonough, 126 S.Ct. 1675 (2006).

## II.   Conclusion and Order to Show Cause

Based on the foregoing, the court **ORDERS** as follows:

1. The petitioner is directed to forward a check or money order made payable to the Clerk, United States District Court, in the amount of $5.00, no later than thirty days after the date of this Memorandum and Order. The check must include the civil action number of this case, H-13-0473. In the alternative, the petitioner may file an Application to Proceed In Forma Pauperis no later than thirty days after the date of this Memorandum and Order.

2. The petitioner must show cause in writing within thirty days of the date of this Memorandum and Order why this case should not be dismissed as barred by the governing statute of limitations or for lack of merit.

3. The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SIGNED** at Houston, Texas, on this 26th day of February, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE