IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAINEY ADAMS,<br>TDCJ-CID NO. 1545301,<br><br>                     Petitioner,<br><br>v.<br><br>RICK THALER,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br><br>                     Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-13-0473 |

## MEMORANDUM OPINION AND ORDER

Michael Rainey Adams, an inmate of the Texas prison system, filed this habeas action under 28 U.S.C. § 2254 contesting a 2008 conviction.  The court notified Adams that state court records indicated that his federal habeas petition was filed more than one year after his conviction became final.  Having reviewed the petition, available state records, and Adams's response (Docket Entry No. 4, "Petitioner's Motion to Show Cause"), the court finds that Adams's habeas petition is untimely.  Accordingly, this action will be dismissed under the provisions of 28 U.S.C. § 2244(d).

### I.  Procedural History

Adams was convicted of aggravated sexual assault of a child and sentenced to 11 years in the Texas Department of Criminal Justice – Correctional Institutions Division.  State v. Adams, No. 05-DCR-042944-HC2 (434th Dist. Ct., Fort Bend County, Tex.,

Oct. 24, 2008).  Adams filed a notice of appeal.  The Court of Appeals for the First District of Texas affirmed Adams's conviction and the Texas Court of Criminal Appeals refused the petition for discretionary review (PDR) on May 19, 2010.  Adams v. State, 01-08-00911-CR, 2009 WL 4724673 (Tex. App. – Hous. [1st Dist.], pet. ref'd).  No petition for a writ of certiorari was filed.

Adams filed a state application for a writ of habeas corpus with the 434th District Court of Fort Bend County, on December 9, 2011.  See Fort Bend County District Clerk's Office Website, http://www.fortbendcountytx.gov/.  The writ application was transferred to the Texas Court of Criminal Appeals on July 17, 2012, which dismissed it on September 5, 2012.  Ex parte Adams, No. 78,015-01.  See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.  The pending federal habeas action was filed on February 20, 2013.  See Docket Entry No. 1, p. 10; Starns v. Andrews, 524 F.3d 612, 616 n.1 (5th Cir. 2008) ("prison mailbox rule").

## II. One-Year Statute of Limitations

Adams's habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA) provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court

judgments are subject to a one-year limitations period as set forth

by the following statutory language:

> (d)(1)  A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person in custody
> pursuant to the judgment of a State court.  The limitation
> period shall run from the latest of-
>
>> (A) the date on which the judgment became final by
>> the conclusion of direct review or the expiration
>> of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an
>> application created by State action in violation of
>> the Constitution or laws of the United States is
>> removed, if the applicant was prevented from filing
>> by such State action;
>>
>> (C) the date on which the constitutional right
>> asserted was initially recognized by the Supreme
>> Court, if the right has been newly recognized by
>> the Supreme Court and made retroactively applicable
>> to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the
>> claim or claims presented could have been
>> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending shall
> not be counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d)(1)(2).

Because the Court of Criminal Appeals refused Adams's PDR on

May 19, 2010, his conviction became final on August 17, 2010, the

last day he could have filed for a petition for a writ of

certiorari with the Supreme Court of the United States.   See
Jimenez v. Quarterman, 129 S.Ct. 681, 685 (2009); Wilson v. Cain,
564 F.3d 702, 706 (5th Cir. 2009), citing Flanagan, 154 F.3d at
197.   Adams did not file his state habeas application until
December 9, 2011, more than one year and three months after the
conviction became final.   Therefore, his federal habeas petition is
time-barred because it was filed more than a year after the
conviction became final.   28 U.S.C. § 2244(d)(1)(A); see also
Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the
applicant files his or her state post-conviction petition after the
time for filing a § 2254 application has lapsed, the state petition
does not operate to toll the one-year limitations period."), citing
Scott v. Johnson, 227 F.3d 260, 263 (5th Cir.2000).

The court issued a Memorandum and Order to Show Cause (Docket
Entry No. 3) advising Adams of the untimeliness of his petition.
Pursuant to the court's instructions, Adams filed a response
(Docket Entry No. 4) stating that the appellate counsel who filed
the PDR did not notify him when the Court of Criminal Appeals
refused the petition although the notification was sent to the
attorney and not Adams.   He contends that he is entitled to
equitable tolling because he sent written inquiries to his attorney
about the status of his appeal.   Adams further alleges that his
parents telephoned the attorney and were told that no decision had
been reached.   Id. at 3.

-4-

Under 28 U.S.C. § 2244(d)(1)(A), Adams is barred from seeking federal habeas relief.  He cannot show that a state created impediment prevented him from seeking post-conviction relief under 28 U.S.C. § 2244(d)(1)(B) because the delay cannot be attributed to court action or delay.  See Critchley v. Thaler, 586 F.3d 318 (5th Cir. 2009).  Only rare and exceptional circumstances beyond Adams's control will excuse his untimely filing.  Hardy v. Quarterman, 577 F.3d 596 (5th Cir. 2009).

Adams blames his attorney for not communicating with him and for misinforming his parents, but he has not shown that he was misled by the Court of Criminal Appeals or that his parents could not have contacted the Court of Criminal Appeals concerning the status of his case.  Petitioners seeking equitable relief regarding untimely habeas petitions must show that they were diligent in pursuing their rights and that extraordinary circumstances prevented them from doing so.  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010); Stone v. Thaler, 614 F.3d 136, 139 (5th Cir. 2010).

Adams states that his attorney filed a PDR but failed to notify him when the PDR was refused and that he was denied the right to seek habeas relief because of his attorney's error.  There is no constitutional right to counsel in a habeas proceeding. Pennsylvania v. Finley, 107 S.Ct. 1990, 1993 (1987); Williams v. Thaler, 602 F.3d 291, 308 -309 (5th Cir. 2010).  Adams complains

of not being informed about a Court of Criminal Appeals decision which was a matter of public record. The fact that Adams was represented by counsel does not absolve him of the responsibility of monitoring the progress of his appeal. Manning v. Epps, 688 F.3d 177, 185 (5th Cir. 2012), citing Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004). "[P]ro se petitioners are expected to comply with AEDPA's statute of limitations." Id. It would be inequitable to expect less from those who have legal representation. Id. An appellate counsel's failure to inform his client about the status of his case is not an extraordinary circumstance that would prevent him from filing a timely habeas petition. Keeling v. Warden, Lebanon Correctional Inst., 673 F.3d 452, 462-464 (6th Cir. 2012). Even if the attorney misinformed the petitioner about his case, the petitioner still must be diligent in verifying the record. Id.

Adams did not file his state habeas application for more than a year and three months after the PDR had been refused. When his state habeas application was denied, Adams waited more than four and one half months before he filed his federal habeas petition. Adams's dilatoriness in pursuing his remedies, both before and after the filing of the state writ application, weighs against equitable tolling. Koumjian v. Thaler 484 F. App'x. 966, 970 n.11 (5th Cir. 2012) (eight months delay), citing Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir.2001) (delay of over four months); Coleman

-6-

v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999) (six months).  Given the total elapsed time in this proceeding, Adams's allegation that his appellate counsel did not inform him that his conviction was final is not sufficient to entitle him to equitable tolling. Manning, 688 F.3d at 185; Keeling, 673 F.3d at 462-464.

Because Adams's petition for a writ of habeas corpus was filed more than a year after his conviction became final, it is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A).  Adams was not subject to any state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the habeas petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D). Moreover, the court does not find that Adams is entitled to equitable tolling.  This habeas action will therefore be dismissed as untimely.

### III. Certificate of Appealability

A Certificate of Appealability (COA) will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

-7-

deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a COA, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court has determined that Adams has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable; therefore, a COA will not be issued.

## IV. Conclusion

1. Petitioner's Motion to Show Cause (Docket Entry No. 4) is **DENIED**.

2. This Petition for a Writ of Habeas Corpus (Docket Entry

No. 1) is **DISMISSED**, with prejudice.

3.    A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 17ᵗʰ day of June, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE